**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:17-cr-00463 |
| | : | No. 5:26-cv-00776 |
| GARRETT MARCUS MATTHEWS, | : | |
| Defendant | : | |

**O P I N I O N**
**Defendant's Motion to Vacate, ECF No. 121 – Dismissed**

**Joseph F. Leeson, Jr.**                                                **May 19, 2026**
**United States District Judge**

Earlier this year, Defendant Garrett Matthews filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 challenging his sentence imposed on January 14, 2020, for possession of a firearm by a convicted felon. Because the Motion to Vacate was beyond the one-year period of limitations, it is dismissed as untimely for the reasons set forth below.

**I.     BACKGROUND**

On August 31, 2017, Matthews was charged in a one-count Indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). This charge arose from his involvement as the recipient of a straw purchase[1] of two firearms on or about March 25, 2017. On July 11, 2018, Matthews filed a Motion to Suppress, as fruits of the poisonous tree, physical evidence and post-incident statements obtained after an allegedly unlawful seizure. An evidentiary hearing was held on January 9, 2019. The following month, an Opinion was issued denying the Motion to Suppress. *See* ECF Nos. 78-79.

On May 24, 2019, Matthews pled guilty to Count One of the Indictment pursuant

---

[1]     A straw purchase occurs when someone legally authorized to purchase a firearm buys a firearm for someone else who is not legally authorized to purchase a firearm.

to a plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed that the appropriate sentence was 180 months' imprisonment, a term of supervised release as determined by the Court, a fine, if any, as directed by the Court, and a $100 assessment. *See* ECF No. 97. At a sentencing hearing on January 14, 2020, this Court accepted the parties' recommended term of imprisonment, which corresponded with the mandatory minimum sentence of 180 months.[2] *See* ECF No. 107. Matthews filed a Notice of Appeal on January 22, 2020, *see* ECF No. 109, which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b)[3] on December 10, 2020, *see* ECF No. 117. He did not seek certiorari.

On January 23, 2026, Matthews filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, asserting two grounds for relief: (1) the sentence exceeds the statutory maximum of ten years and is unlawful, and (2) improper predicate enhancement with one of his prior convictions. ECF No. 121. On February 9, 2026, this Court issued an Order stating that it appeared from the face of the Motion to Vacate that it is untimely and directing the Government to file a response addressing only the timeliness of the motion, to which Matthews could file a reply. ECF No. 122. Both parties have filed briefs on the timeliness of the Motion. *See* Resp., ECF No. 124; Reply, ECF No. 125.

## II.    STANDARDS OF REVIEW

### A.    Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the

---

[2]    The Defendant, who was an armed career criminal, had a total offense level of 30 and criminal history category of V, which produced a Guidelines range of 151 to 188 months of imprisonment, but the fifteen-year mandatory minimum term of imprisonment resulted in an adjusted Guidelines range of 180 to 188 months of imprisonment.
[3]    Fed. R. App. P. 42(b)(2) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.")

Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)). There is a one-year period of limitations for § 2255 motions that runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### B.     Equitable Tolling – Review of Applicable Law

"The doctrine of equitable tolling permits untimely [§ 2255] filings in 'extraordinary situations.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quoting *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller*, 145 F.3d at 618 (quoting *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Its application is highly fact-specific, and courts must be sparing in its use." *United States v.*

*Johnson*, 734 F. App'x 153, 159 (3d Cir. 2018).  "Mere excusable neglect is insufficient." *Thomas*, 713 F.3d at 174.  "There are no bright-line rules for determining when extra time should be permitted in a particular case.  Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account."  *Id.* (internal citation omitted).

## III.    ANALYSIS

### A.    The Motion to Vacate is untimely.

Matthews' judgment became final on March 10, 2021, ninety (90) days after the Third Circuit Court of Appeals dismissed his appeal, when the time for seeking certiorari review expired.  *See Kemp v. United States*, 596 U.S. 528, 53 (2022).  Matthews did not file the Motion to Vacate within one year of this date, but waited almost five years (until January 23, 2026).

Matthews asserts that his Motion is timely under 28 U.S.C. § 2255(f)(4) because "the basis for this claim could not have been reasonably raised earlier, . . . [because o]nly through the development of more recent case law and Petitioner's diligent efforts did it become clear that his prior convictions do not qualify under § 924(e)."  *See* Reply 1.  However, "court decisions establishing rules of law are not new discoverable 'facts' for § 2255(f)(4) purposes."  *Harper v. United States*, No. 4:07-CR-00339, 2012 U.S. Dist. LEXIS 1712, at *9 (M.D. Pa. Jan. 6, 2012) ("Although the Third Circuit has not directly addressed this issue, other courts of appeals have held that court decisions establishing rules of law are not new discoverable 'facts' for § 2255(f)(4) purposes." (citing cases)).  *See also Cox v. United States*, No. 22-5112, 2024 U.S. Dist. LEXIS 226945, at *10 (D.N.J. Dec. 13, 2024) (same); *Reimer v. United States*, No. 25-13617 (MAS), 2026 U.S. Dist. LEXIS 11171, at *9 (D.N.J. Jan. 20, 2026) ("Section 2255(f)(4) is concerned with the discovery of the relevant facts, not the legal consequences or arguments which apply those facts.").  Matthews was aware of all the relevant facts underlying his claims before his judgment became final.  Specifically, at the time of his guilty plea, this Court advised

Matthews that because he was considered an armed career criminal, the maximum possible sentence was life imprisonment and he was subject to a mandatory-minimum sentence of fifteen (15) years (180 months) imprisonment. *See* ECF No. 114 at 8:10-17; 21:6-16. The Guilty Plea Agreement, which Matthews admitted he read and voluntarily signed, also advised him that he would be sentenced as an armed career criminal and that his offense carried a lifetime maximum and fifteen-year mandatory minimum term of imprisonment. *See id.* at 5:15 - 6:14; ECF No. 97 at ¶¶ 1, 3. No later than the time of sentencing, Matthews was also aware which of his prior convictions were considered predicate offenses that qualified him for the armed career criminal enhancement. *See* ECF No. 112 at 3:25 - 4:8; Presentence Report. Subsection (4) therefore does not apply to render his Motion to Vacate timely.

Neither subsection (2) nor (3) render his Motion timely. As to § 2255(f)(2), Matthews not does allege any governmental action in violation of the Constitution or laws of the United States that created an impediment to his ability to file a motion to vacate earlier or that recent case law somehow removed a government impediment. *See* 28 U.S.C. § 2255(f)(2); *United States v. Galindo*, Crim. No. 20-189, Civ. No. 23-966, 2023 U.S. Dist. LEXIS 177771, 2023 WL 6406261, at *8 (E.D. Pa. Oct. 2, 2023) (explaining that the defendant must show a causal connection between the government's unlawful impediment the defendant's failure to timely file the § 2255 motion). As to subsection (3), Matthews identifies the "recent case law" in his Reply brief as *Wooden v. United States*, 595 U.S. 360 (2022) and *Borden v. United States*, 593 U.S. 420 (2021). However, *Wooden* "does not involve, or create, a new applicable rule of constitutional law that has been made retroactive on collateral review, *see Desmond v. May*, No. 96-327-VAC, 2022 U.S. Dist. LEXIS 141300, at *9 (D. Del. Aug. 5, 2022), and therefore does not fall under § 2255(f)(3). Although *Borden* does apply retroactively to cases on collateral review for purposes of § 2255(f)(3), *see United States v. Berrios*, No. 2004-0105, 2023 U.S. Dist. LEXIS 128002, at

*45 (D.V.I. July 25, 2023), the *Borden* decision was issued on June 10, 2021, more than four and a half years after the instant Motion to Vacate was filed.  Consequently, the Motion to Vacate is untimely.

### B.    Equitable tolling is not warranted.

Matthews argues that even if his Motion to Vacate is untimely, equitable tolling is warranted because he "acted diligently in pursuing relief once he became aware of the defect in his ACCA designation" and the "complexity of the categorical approach and the evolving nature of the relevant case law constitute extraordinary circumstances that prevented earlier presentation of this claim."  Reply 1.  This conclusory assertion is insufficient for Matthews to satisfy his burden of showing the equitable tolling elements.  *See Trapp v. Oberlander*, No. 1:21-CV-1854, 2022 U.S. Dist. LEXIS 1412, at *6 (M.D. Pa. Jan. 4, 2022) (determining that "conclusory assertions are not sufficient for a petitioner to benefit from the equitable tolling doctrine" and dismissing the habeas petition as untimely because the petitioner did "not offer any proof that he ha[d] been pursuing his rights diligently beyond the conclusory assertion that he 'has made every effort to continuously pursue his rights diligently'"); *Gadsen v. United States*, Civ. A. 15-551, 2015 U.S. Dist. LEXIS 169534, at *14-15 (W.D. Pa. Dec. 18, 2015) (finding that the petitioner's "vague, conclusory contentions fail to satisfy the court that: (1) petitioner diligently pursued his rights; and (2) an extraordinary circumstance prevented petitioner from filing a § 2255 motion within the one-year period" and declining "to invoke the doctrine of equitable tolling").  Moreover, as discussed above, Matthews was aware of all the facts necessary to bring his claim no later than January 14, 2020, and the two cases he relies upon were issued on June 10, 2021, and March 7, 2022, approximately four years before he filed the Motion to Vacate.  Therefore, Matthews was not acting with reasonable diligence.  *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (concluding that the defendant, who "knew that his

6
051926

conviction subjected him to the career offender enhancement [but] failed to attack the predicate for enhancement by filing his state habeas petition until . . . more than three years after entry of judgment in the federal case . . . , fell far short of reasonable diligence").  Matthews' case does not present an "extraordinary situation" to warrant the sparingly used remedy of equitable tolling.  His request for equitable tolling is denied and his Motion to Vacate is dismissed as untimely.

>          **C.          There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

For the reasons set forth herein, jurists of reason would not find this Court's assessment debatable or wrong.  *See United States v. Leggio*, No. 3:17-41, 2021 U.S. Dist. LEXIS 32928, at *1-3 (M.D. Pa. Feb. 22, 2021) (finding no basis for a certificate of appealability where the § 2255 motion to vacate, alleging that his sentenced was improperly enhanced, was dismissed as untimely and equitable tolling did not appply).

**IV.     CONCLUSION**

For the reasons discussed herein, the Motion to Vacate, filed almost five years after Matthews' judgment became final and more than four and a half years after *Borden* was decided, is dismissed as untimely.  Because Matthews knew all the facts underling his claim before his

judgment became final, he has not shown that equitable tolling is warranted.  The Motion to

Vacate is dismissed as untimely.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge